for Consolidated Appeals 20-3279, 20-3280, 20-3281, and 20-3282, the Appeals of Plaintiff Sides, Ward, Terry, and Branson. We'll hear first from Mr. Farnolo, and you're with us by Zoom. Mr. Farnolo, go ahead. Yes, Your Honor. May it please the Court. I represent the appellants Ralph Brandon, Lori Sides, Misa Ward, and Lydia Terry. This appeal focuses on the denial of a motion for reconsideration by the District Court of Indiana, and we believe that the District Court abused its discretion for three reasons, which I will get into in a moment. For its restriction to the plaintiff's reconsideration motion to one year under the Federal Rule 60b-1, despite the lack of for the case, the Court's failure to assess the Pioneer v. Brunson associate factors under 60b-1 in its assessment of excusable or inexcusable neglect, and finally, the Court's lack of assessment of any circumstances under Federal Rule 60b-6 at all. Before I get into the legal arguments, it bears a little bit of repeating on the dates and times and facts that made up this a motion to dismiss filed pursuant to CMO No. 4 by the Cook defendants on June 24, 2019. That motion included these four matters on the District Court level and several others. On July 19, 2019, the District Court granted that motion for these four plaintiffs because no opposition was received. Now, going back to the initiation of this motion, a deficiency letter for a lack of what's called a plaintiff's profile form was filed and received by me from the defendants on April 26, 2019. PPFs for all four of these cases were uploaded on May 24, 2019, which is in my affirmation below. Whether it was received or not is still unknown to this day. It may have been, it may not have been, but I have a distinct recollection of doing this because it was Memorial Day weekend and also had some technical issues with, there was a portal you log into to upload these particular PPFs, this piece of discovery. Ultimately, the defendants made their motion despite the discovery being served and the court granted it. However, the plaintiffs never received any notice of the motion because of new filtering rules that were enacted by myself in order to better monitor MDL 2570's many, many filings throughout the day. I believe it's up to 16,000 now at this point. But you can't say that they filed the motion despite being served because it's not clear that they ever got these PPFs or were served with them. That's a fair point, Your Honor, and I've been operating, frankly, under the assumption they did not, although they have never denied or confirmed whether they received them or not. So I'm just simply assuming that they did not receive them. That's what I've been operating under this entire time. But it always goes back to lack of notice here. I never got a notice of the notice of motion to dismiss, and I never got a notice, ECF notification, of the actual judicial decision on July 19, 2019. Otherwise, it would have taken- When you say you never got, Mr. Fernando, do you mean you never saw it or, forensically, you never received it electronically? There's two points, and that's a fair question, Your Honor. I never received electronically the July 19, 2019 decision due to some filtering rules that I put in place, again, to better monitor the many, many, many notifications of MDL 2570. As to the motions to dismiss, they were not spread to the individual cases. So I did not see those at all, even when I went back and looked at the individual cases, even this morning, the individual CV numbers. But those were in the master file, which, according to the district court's original case filing order, everything was to be filed in the master docket, right? That's correct, Your Honor. And the court made that clear, and we all know why. These MDLs are massive undertakings, and so to have everything on one docket to be able to manage the case makes perfect sense. But it's still a lack of notice there, which is the issue we have here. And had there been notice, and I'll get into my first point now- But it's not a lack of notice on the court's point, from the court's perspective. The court issued notice. You just didn't receive it because of your filtering. That's correct, Your Honor. And the same with the parties. It's clear from the master docket that when the parties moved to dismiss, they sent notice through CMECF. But again, you just didn't receive it because of your filtering. That's correct, Your Honor. That's correct. Had I received that notice, however, the motion for reconsideration would have been filed immediately, because when I did finally get notice, I filed the motion within five days or something. And that's one of the complaints I have about the district court's assessment here. There are two cases that I point to in my briefs, Raddick versus Molloy. Right. And in both of them, a court employee failed to give timely notice, correct? That is, yeah, that's correct, Your Honor. In different cases. I don't know whether Raddick and Molloy are correct or not on their own terms in overlooking the one-year limit of 60B1. But that seems to me a pretty important difference to distinguish this case from them. It still comes down to those two cases stand for the precedent and for, you know, essentially holding that if notice isn't received, a court can relieve a movement from the one-year restriction of 60B1. And there's really nothing there. They don't stand for the proposition that if notice isn't received because of attorney neglect or attorney negligence. Well, this, they do stand for proposition that if notice isn't received, they have nothing, neither really indicates anything to do with attorney negligence. I believe Raddick involves an attempt to use it. So what do you make of the, we have rules in place that say, for example, if a district court has ordered dismissal but doesn't enter a judgment, then after, I forget, I think 150 days, the judgment is deemed to have been entered and the rather short time for appeal starts to run. Here we've got no attention as near as I can tell for more than a year. Right? So that's part of the lower court's criticism. But the response to that, Your Honor, would be this is an MDL where hundreds and thousands of cases are filed. It has never been my practice, nor do I know anyone who goes through each individual filing regularly to make sure no dismissals have been entered, which is part of the reason we did not receive notice. It is an MDL. It's an MDL in one of the busiest courts in the nation. And I'm struggling to see an abuse of discretion here, I'll have to tell you. Well, let me touch on those points, Your Honor, quickly because I'm getting low on time. The court under 60B1 analysis made no assessment of what I call the pioneer and the manly factors, which are, was there prejudice to the defendant? Excuse me, will there be prejudice to the defendant if the 60B1 motion is granted? There would be none. The length of the delay, although it was over one year, it was approximately 30 days over the one-year cutoff. The reason for the delay was, again, the lack of notice or perceived notice of the ECF notification. And whether or not the move was acted in faith. That's because of the filtering again, though, right, Mr. Fernald? That's the filtering point. You're not claiming that the district court prepared an order dismissing your case and I'm not claiming that, Your Honor. I couldn't make that claim because that would be just... Right, so it's filtering again, right? It's filtering again, Your Honor. But again, no, it is ever suggested that I acted in bad faith here and no analysis was made to whether or not there would be prejudice to the defendant if these cases were reinstated. You learned of a dismissal through your client, one of your clients, or maybe more than one, but at least one, right? Yes, that's correct. One, Your Honor. And when I got that call and confirmed that I felt like I was going down on a roller coaster, it was not a great day, but that is correct. Before I run out of time, let me touch on my 60B6 arguments, which is a broader catch-all provision that is not restricted to one year and gives the court significantly more power, so to speak, as Lynn v. Central DuPage indicates. The lower court made no assessment under 60B6 of any of these arguments. And initially, below, these arguments were really made more pursuant to 60B6 because I believe they are exceptional circumstances where I was trying to put some filtering rules in, I never received these notices, and even if I had seen the filtered folder, the notifications went into an additional cluttered folder, which is in my affirmation below, which is why I believe that there are the requisite exceptional circumstances here that are required under 60B6. You know, the appellees have raised no true objection to that because there really is no way to object to or distinguish from that. Actually, there is. And the question is whether there are extraordinary circumstances beyond your control. That's one question. The other is, since this sure looks like a 60B1 sort of motion asking for neglect to be excused, we've got the problem of 60B1 and B6 being mutually exclusive, as Pioneer and many other Supreme Court cases have indicated. And I'll answer this question quickly because I'm out of time, Your Honor. Pioneer doesn't restrict 60B6 to one year. What it says is that if you attempt to avoid the one-year rule of 60B1 under 60B6 by making essentially an excusable neglect argument, you cannot do that. But that's not what happened here. These are exceptional circumstances that have to do with technology, as well as having served the PPFs through a portal that apparently I don't know if it worked or not. I still don't know to this day. Okay. Thank you, Mr. Fanola. Thank you, Your Honor. Mr. Jones. Good morning, Your Honors. Pardon me. I'm Bruce Jones representing the appellees in this case. I want to make two initial points just to address a couple of things that came up in the reply brief and again in counsel's argument just now. First of all, there is no ambiguity about whether or not Cook has said it did not receive these PPSs. It did not. In fact, to this day, it has not received them. They were not submitted in the motion to reconsider. We simply don't have them. And if you take a look at pages two and three of the supplemental appendix, we made that assertion unambiguously in our original motion, excuse me, an original motion to dismiss back when we first brought the motion back in 2019. Second point is, and the court I know picked up on this as well, counsel is mistaken in asserting repeatedly that he has never received notice of the motion, excuse me, of the motion or the dismissal. The fact is the notice of motion was served as it was supposed to be through the MDL's docketing system. And the notice of the judgment was served on the plaintiff's attorneys through that same system and was also entered separately in the dockets of each of the individual four cases. And those notices were sent through the ECF system. The fact that he may not have seen them does not mean he did not receive them. They were sent to him and he acknowledges this in his own affirmation that he was able to find them in his clutter folder. I submit that that is not excusable neglect and the district court did not err in finding that it was not. Mr. Jones, you quoted a passage in your brief I think we're in a similar case as part of the MDL that Judge Young said the court tries to be fair, quote, sometimes to a fault. Do you know what the judge was referring to there? I think the judge was referring to, I mean, there have been a number of situations where counsel have not noticed or not respond to a motion and then after the dismissal have come back and sought motions to reconsider under Rule 60. And the court, Judge Young has granted some of those motions. I would point the court in particular to, these are MDL docket numbers 13-892, 13-925, and 13-961. These are all instances in which the court found number one, that the attorney and the plaintiff had a good reason for reconsideration. And number two, that the motion for reconsideration had been brought in a timely manner. Cook objected to those, but the court nevertheless granted them. And I assume that that's what Judge Young is referring to there that yes, he has been willing to grant some of these motions, but there comes a time where too much time has passed and there's not a good enough reason. And these four cases were that situation. The facts are essentially undisputed here. The plaintiffs had four opportunities. First of all, the CMO itself required the service of the PPS. Plaintiffs here did not do that. Second, we were supposed to write a reminder letter as the first tickler. We did that. There was no response as far as we could tell. Counsel says that he tried to upload them. That apparently was not successful. And the reminder letter didn't go through CMECF, correct? It was mailed or emailed or delivered in some other method. Is that correct? I believe that's correct, Your Honor. It's in the supplemental appendix. That's okay. If you don't know, that's okay. But I think that they are addressed, yes, via email and first class mail. Yeah, like SA8, SA11? Yes. Mr. Jones, have you been involved in the case for a while? Yeah, I've been involved in this litigation for five or six years. Yeah, so have there been rampant problems with this PPS and uploading the PPS and getting it on file and figuring out how to do it and all that with a meaningful number of other plaintiffs? You mean technical problems like have currently occurred here? Technical, I can't figure out the technology. I want confirmation of receipt. I haven't gotten it, et cetera, et cetera. Has that been something on the administrative side that has plagued the case? It has not. It has been more often that the plaintiff's attorneys have overlooked the reminder letter and then have had to come back and move to reconsider after the dismissal occurs. And as I said, that has been granted in some cases. I'm not aware of any prevalent technical issues with trying to upload the documents into the URL. If we were to get into the pioneer investment factors, what would you say about the issue of prejudice? Your Honor, the question of prejudice, there are two kinds of prejudice here. Number one is on the micro level, on the case-specific level. As the court may be aware, these MDL cases are, they don't file a full complaint laying out all these specific facts the way you would in a normal lawsuit. There's a short-form complaint that's adopted and it gives very cursory information. This CMO-4 and the PPS was the district court's compromise between the discovery that it recognized that the parties, that the defendants needed in order to be able to analyze and prepare for these cases and the burden that these thousands of cases would put on the system if you permitted full discovery in all of them. So that's why we needed the information that was in the PPS and we didn't get it. And as I said, we still don't have it. On the macro level, this is a critical aspect of the MDL process. The court sets deadlines. The court makes requirements of this kind and these requirements must be respected for the MDL to operate properly and efficiently. As I mentioned, Judge Leung does not view these as ironclad rules. He's willing to accept that human beings make mistakes and that there are certain circumstances in which neglect may be excusable. This is simply not one of them. Denying the MDL court here, finding an abuse of discretion here, I submit, would undercut the MDL and prejudice not just Cook but all the other plaintiffs who are following these rules by undercutting the administration and making it much more difficult to operate the MDL and its processes. Unless the court has further questions, I would simply ask that the court affirm the judge's denial. Is it correct that a check of the individual dockets after the judgment was entered would have shown these? Yes. If you'll take a look at pages five and six of our brief, we have listed, identified the particular docket numbers in the four individual cases where those entries of judgment appear. And they need to be in the individual cases because otherwise there's nothing identifying in that individual case that the cases. You need a rule, but you need a rule 58 judgment docketed in each individual case. Exactly. Let me see if I had anything else. Nope, that's it for me. Thanks. All right. Thank you, Mr. Jones. Thank you. Mr. Fenolo, your time had expired, but if you need a brief moment for rebuttal, you may go ahead. Thank you, Your Honor. I just want to quickly, there have been a number of similar situations in this case in the MDL, which is actually in the defendant's papers and in my reply brief as well. The court has granted some of these reconsiderations, not granted some, but it tends to grant these motions when the motion for reconsideration is quickly made. Had I had the notice here, I would have filed it immediately. As to the case specific information claims they need, or they would have been prejudiced without, they have received the categorization forms. They did so. They received those in January of 2018, I believe, which has very similar core medical information to the PPF. So the suggestion that they don't know, you know, enough about these cases that the short form complaint doesn't give them enough, I believe is incorrect. With that, unless the court has any further questions, I will rest. Thank you, sir. All right. These cases are taken under advisement with thanks to both counsel. And the court will be in recess until call of the court. Thanks.